## No. 97

### MOON MOTOR CAR CO. v. CENT. STORG. & WARE. CO.

No. 20245. Supreme Court

On motion to certify. Dock. Jan. 4, 1927, 5 Abs. 27.

1252. WAREHOUSEMAN—Is a warehouseman liable for damages caused by the freezing of a car radiator where clause in receipt exempted bailor from liability for frozen battery, and when warehouseman affirmed in evidence the fact that it was the custom of the trade to take no precautions against freezing?

The Moon Motor Co. contends in the Supreme Court that a warehouseman is liable when car is damaged by water freezing in the cooling system in spite of the facts that said warehouseman was protected by a clause in the receipt as to frozen batteries and that evidence was introduced to show that it was not the custom of the trade to take precautions against freezing.

Attorneys—Stearns, Chamberlain & Royon for Car Co.; Quigley & Byrnes for Warehouse Co.; al lof Cleveland.

## No. 98

### JONES, Treas. v. RALSTON et

No. 20242. Supreme Court

On motion to certify. Dock. Dec. 31, 1926, 5 Abs. 27.

1159. TAXES AND ASSESSMENTS—Does coal in place belonging to one other than the owner of the surface become subject to a special road assessment and will injunction lie against such assessment?

Paul H. Jones, treasurer of Belmont County brought an action to recover a special road improvement assessment, levied against Mary J| Ralston et, being upon coal in place. Ralston owned only the coal and not the surface.

She contends that such assessment will not lie and that she is entitled to an injunction to restrain the collection thereof.

Attorneys—H. W. Mitchell, St. Clairsville, for Jones; Heinlein, Lynch & James, Bridgeport, and G. D. Kinder, Martins Ferry, for Ralston et.

## No. 99

### INDUST. COMM. v. BENCO

No. 20254. Supreme Court

On motion to certify. Dock. Jan. 6, 1927, 5 Abs. 27.

631. INDUSTRIAL COMMISSION—Is an order of the industrial commission disallawing a claim, or the refusal to allow a rehearing, the final action of commission under 1465-90 GC., which requires an appeal to be filed within 30 days from notice of final action?

The Industrial Commission disallowed the claim of Paul Benco and refused to allow a rehearing. He failed to file notice of appeal in 30 days and the question involves the construction of Sec. 1465-90 GC. which requires appeal to be filed within 30 days from notice of final action.

Attorneys—E. C. Stanton and Guy R. Wheeler for Ind. Comm; James H. Murry for Benco; all of Clevealnd.

## No. 100

### BEYOGLIDES v. STATE

No. 20142. Supreme Court

On motion to certify. Dock. Oct. 28, 1926, 4 Abs. 746.

99. ARSON—In absence of proof of the burning of $50 or more of merchandise, etc., does Sec. 12433 GC. make such a crime?

George Beyoglides was indicted and convicted of the crime of burning with intent' to prejudice an insure. He was convicted, which conviction was sustained by the Court of Appeals.

Beyoglides contends in the Supreme Court:
1. That there was no testimony showing that that the goods burned was of the value of $50 or more and that Sec. 12433 GC. does not intend to make it a crime unless there is an actual burning of $50 or more.

2. That evidence of valuation of the goods at the time of the fire was introduced with qualification of the witness and opinion evidence was alolwed in reference to testimony of the fire chief prejudicial to Beyoglides' cause.

Attorneys—Amerman & Mills for Beyoglides; C. B. McClintock for State; all of Canton.

## No. 102

### HILL v. MICHOM

No. 20272. Supreme Court

Rec. Cert. for review of final determination. Dock. Jan. 14, 1927, 5 Abs. 43.

677. JUDGMENTS—Is a judgment of $75 awarded as damages for wantonly and maliciously killing a dog valid, although such dog was not listed for taxation?

Hill contends that a judgment of seventy-five dollars against him is erroneous and same should be quashed, because damages cannot be collected for wantonly killing a dog not listed for taxation.

Attorneys—M. I. Rettig for Hill; E. H. Ray for Michom; both of Toledo.

## No. 101

### OVERTON v. KUSHMEDER

No. 20268. Supreme Court

On motion to certify. Dock. Jan. 12, 1927, 5 Abs. 43.

941. PRACTICE & PROCEDURE—Can a judgment be reversed in the Court of Appeals when no motion for a new trial was filed in the Common Pleas Court?

Where a deed is set aside in Common Pleas Court on the ground that the deed was made to defraud a creditor, can the finding in the lower court be reversed by the Court of Appeals, when no motion for a new trial was made in the lower court?

Attorneys—Gurney, Gurney & Gurney for Overton; Day, Corrigan & Day for Kushmeder; all of Cleveland.